IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

LONNIE D. FUGETT, and RICHARD N.     §
STASHAK,                             §
                                     §
            Plaintiffs,              §
                                     §
v.                                   §     CIVIL ACTION NO. 2:14-cv-00111-J
                                     §
DCP MIDSTREAM, L.P.,                 §
                                     §
            Defendant.               §

## MEMORANDUM OPINION AND ORDER

On December 5, 2014, Defendant filed a *Motion to Dismiss Plaintiffs' Second Amended Petition.* Plaintiffs filed a response on December 23, 2014, along with an objection to certain evidence submitted by Defendant in support of its Motion to Dismiss. Defendant filed a reply on January 6, 2015. Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The claims in this case arise out of a pipeline explosion that occurred when Plaintiffs Lonnie Fugett and Richard Stashak were performing work on an oil and gas pipeline owned and operated by Defendant DCP Midstream, L.P. In their Second Amended Complaint, Plaintiffs make the following allegations:

Plaintiffs are the owners of a portable welding business. They contracted with a company called Presser to perform welding services on a pipeline that was owned and operated by Defendant. Plaintiffs arrived at the work site, in a remote part of Hemphill County, Texas, with welding tools, inventory, vehicles, and living accommodations. Plaintiffs allege that

1

Defendant was in control of the construction site and was thus required to maintain a safe working environment.

On July 8, 2012, Defendant instructed Presser crew members to perform a "cold cut" on a gas pipeline. According to Plaintiffs, Defendant represented that it had evacuated the pipeline and that no natural gas remained in the line. Defendant had also marked the pipeline with ribbons and tags to indicate that the line had been properly evacuated. However, Plaintiff alleges that Defendant did not properly evacuate the pipeline and that there was still gas in the line when Presser crew members began the cold cut. During the cold cut, gas escaped from the pipeline and caused a major explosion. Plaintiffs claim that the explosion destroyed their equipment and inventory. Plaintiffs also allege that they suffered "sickness and illness needing medical attention" and that they suffer from post-traumatic stress disorder as a result of the explosion. Finally, Plaintiffs allege that they sustained a loss to their business as a result of the destruction of their equipment and inventory.

Plaintiffs further claim that Defendant either failed to install shut-off valves that would have stopped the gas leak, or, in the alternative, improperly inspected valves that were already installed. Plaintiffs also claim that if shut off valves were not available to stop the flow of gas, Defendant should have immediately evacuated the area surrounding the pipeline.

Plaintiffs filed their Second Amended Complaint on November 21, 2014, asserting negligence, gross negligence, and strict liability claims, as well as indirect references to contractual claims. They seek per diem damages "pursuant to the contract" for the loss of their personal property, loss of income damages "pursuant to the contract," medical bills and anticipated future medical bills, pain and lost quality of life damages, and punitive damages.

## STANDARD FOR MOTIONS TO DISMISS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is to be evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). A plaintiff's claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading standard of Rule 8 does not require detailed factual allegations, it does require more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Formulaic recitations of the elements of a cause of action will not suffice. *See id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When making this inquiry, a court must construe the complaint liberally, in favor of the plaintiff "and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be "factually suggestive" beyond mere conclusory allegations. *Ollie v. Plano Indep. Sch. Dist.*, 564 F. Supp. 2d 658, 660 (E.D. Tex. 2008). Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In support of its Motion to Dismiss, Defendant has included an appendix with copies of a "General Release and Indemnity Agreement" signed by both Plaintiffs. The appendix also includes excerpts from transcripts of oral depositions taken on October 23, 2014. The items in Defendant's appendix are "matters outside the pleadings" under Fed. R. Civ. P. 12(d) because they are "written . . . evidence introduced in support of . . . the motion challenging the pleading

3

that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007). When matters outside of the pleadings are included with a motion to dismiss, "a district court has complete discretion . . . to either accept the exhibits submitted or not." *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988). If the district court chooses to accept the extrinsic evidence, it must convert the motion to dismiss into a motion for summary judgment and must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998).

The deadline for completion of discovery in this case is May 4, 2015. Because the parties still have several months of discovery available, the Court declines to convert Defendant's Motion to Dismiss into a motion for summary judgment. Accordingly, in ruling on the motion, the Court will evaluate the pleadings alone and will not consider any of the items included in Defendant's appendix. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

## DISCUSSION

### A. NEGLIGENCE CLAIMS

Under Texas law, to prove a negligence claim, a plaintiff must establish (1) the existence of a legal duty owed by the defendant to the plaintiff; (2) a breach of that legal duty; (3) proximate causation; and (4) damages resulting from the breach. *See The Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Morin v. Moore*, 309 F.3d 316, 326 (5th Cir. 2002). Defendant argues that Plaintiffs' "allegations are nothing more than unsubstantiated conclusory statements and are insufficient to establish a cause of action for negligence." However,

Plaintiffs' complaint includes specific allegations of negligence sufficient to survive a motion to dismiss.

First, Plaintiffs' complaint alleges facts which, if true, would establish that Defendant owed a legal duty to Plaintiffs. "A duty represents a legally enforceable obligation to conform to a particular standard of conduct." *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App. 1993). In deciding whether a legal duty exists, courts consider the "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

Here, Plaintiffs allege that Defendant owned and operated the gas pipeline in question, controlled the construction site where Plaintiffs were working, and was required to maintain a safe working environment. Plaintiffs further allege that Defendant instructed Presser crew members to make a cold cut on the gas pipeline while Plaintiffs were on the job site in close proximity to the pipeline. According to Plaintiffs, Defendant was aware of the substantial dangers posed by gas leaks and, to avoid the risk of explosion, should have evacuated the pipeline of all natural gas prior to ordering the cold cut. These facts, if true, would establish that Defendant owed a legal duty to Plaintiffs to exercise due care to protect them from injuries that might occur while the pipeline was repaired. *See S. Texas Natural Gas Gathering Co. v. Guerra*, 469 S.W.2d 899, 909 (Tex. App. 1971) ("a pipeline owner or operator is under a duty to exercise that degree of care which a prudent man would exercise under all the circumstances, or care which is commensurate with the dangerous character of the pipeline").

Second, Plaintiffs' complaint includes sufficient facts which, if true, would establish that Defendant breached the legal duty it owed to Plaintiffs. Plaintiffs allege that Defendant failed to

5

evacuate all of the natural gas from the pipeline prior to the cold cut, leading to a large explosion when gas leaked from the pipeline. Plaintiffs also allege that Defendant either failed to install shut-off valves that would have stopped the gas leak, or, in the alternative, improperly inspected valves that were already installed. This constitutes a breach of the duty owed by a pipeline owner to exercise the degree of care necessary to protect workers from the dangers associated with pipeline excavations.

Third, Plaintiffs' complaint includes sufficient facts which, if true, would establish that Defendant's breach of its legal duty proximately caused injuries to Plaintiff. In Texas, "the two elements of proximate cause are cause in fact and foreseeability." *Clark v. Waggoner*, 452 S.W.2d 437, 439 (Tex. 1970). To establish cause in fact, Plaintiffs must show that Defendant's act or omission was a substantial factor in causing the injury, "without which the harm would not have occurred." *Stiger v. United States*, No. 1:10CV817, 2014 WL 5088556, at *7 (E.D. Tex. Oct. 8, 2014) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). To establish foreseeability, Plaintiffs must show that Defendant should have anticipated the dangers that its negligent act created for others. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985). Here, Plaintiffs allege that Defendant failed to properly evacuate the gas pipeline before workers performed a cold cut and that this failure caused an explosion which injured Plaintiffs and damaged their property. Furthermore, Plaintiffs allege that Defendant was well aware of the dangers associated with excavating gas lines. Defendant should have anticipated that its failure to evacuate the pipeline would create a substantial danger for Plaintiffs and other on-site workers. Thus, Plaintiffs have alleged facts which, if true, would establish the proximate causation element of a negligence claim.

Finally, Plaintiffs' complaint includes sufficient facts which, if true, would establish that Plaintiffs suffered damages as a result of Defendant's conduct. To show entitlement to damages for negligence, a plaintiff must plead either a personal injury or property damages resulting from the defendant's conduct. *See Express One Int'l Inc. v. Steinbeck*, 53 S.W.3d 895, 899 (Tex. App. 2001). Here, Plaintiffs allege that they "suffered sickness and illness needing medical attention" and "lost their portable welding equipment and inventory." These allegations, if true, would establish that Plaintiffs suffered both personal injury and property damage as a result of the gas pipeline explosion. Accordingly, Plaintiffs have properly pled the existence of damages.

Plaintiffs have alleged sufficient facts that, if true, would establish that Defendant breached a duty it owed to Plaintiffs and that this duty proximately caused Plaintiffs to suffer personal injury and property damages. Accordingly, Defendant's Motion to Dismiss is denied as to Plaintiffs' negligence claim.

### B. GROSS NEGLIGENCE CLAIMS

Gross negligence involves both objective and subjective components. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). First, a defendant must have actual subjective awareness of the extreme risk created by its conduct—in other words, the defendant must be consciously indifferent. *See Louisiana-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999); *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 741 (Tex. App. 1998). Second, a defendant's conduct must be more than unreasonable—it must involve an extreme degree of risk. *See Seminole Pipeline Co.*, 979 S.W.2d at 741.

Here, Plaintiffs allege that "Defendant's conduct heedlessly and recklessly disregarded Plaintiffs' rights and involved such an entire want of care as to indicate that it was a result of conscious indifference to Plaintiffs' rights, welfare and safety." Furthermore, Plaintiffs allege

7

that Defendant was subjectively aware of the extraordinary risks associated with pipeline

excavations.  These allegations of gross negligence are sufficient to survive a motion to dismiss.

*See Hernandez v. Wood/Chuck Chipper Corp.*, No. 4:11-CV-597, 2012 WL 1836352, at *4 (E.D.

Tex. Apr. 13, 2012) (finding that plaintiff stated a claim for gross negligence where plaintiff

"pleaded that the Defendants acted with conscious indifference to the rights, safety, or welfare of

others when they manufactured and sold a wood chipper with an extreme degree of risk to the

employer of Plaintiff").

## C.  STRICT LIABILITY CLAIMS

In their complaint, Plaintiffs allege that (1) operating a natural gas distribution pipeline

creates a high degree of risk of harm; (2) the risk posed by such harm cannot be eliminated; and

(3) the harm outweighs the value of the operation of the pipeline.  Through these allegations,

Plaintiffs appear to be attempting to plead a cause of action for strict liability based on

abnormally dangerous activities.  *See* Restatement (Second) of Torts § 520 (1977) ("[i]n

determining whether an activity is abnormally dangerous, the following factors are to be

considered . . . existence of a high degree of risk of some harm . . . inability to eliminate the risk

by the exercise of reasonable care . . . extent to which its value to the community is outweighed

by its dangerous attributes").  However, as Defendant correctly notes, Texas courts do not

recognize a strict liability cause of action based on abnormally dangerous activity.  *See Barras v.*

*Monsanto Co.*, 831 S.W.2d 859, 865 (Tex. App. 1992) ("our courts have rejected the doctrine of

abnormally dangerous activities as a basis for strict liability").  Instead, "[s]trict liability is

imposed only in very limited situations, such as in products liability cases involving dangerously

defective products or dangerous animal cases." *Prather v. Brandt*, 981 S.W.2d 801, 804 (Tex.

App. 1998).

In their response, Plaintiffs cite *Signal Oil & Gas Co. v. Universal Oil Products*, 572 S.W.2d 320 (Tex. 1978) in support of their strict liability claim. However that case involved a strict products liability claim based on an unreasonably dangerous product and is simply not applicable here, *see id.* at 325—Plaintiffs do not allege that they were injured by a defective product manufactured by the Defendant. Accordingly, Plaintiffs' complaint fails to plead a cause of action for strict liability based on abnormally dangerous activity.

## D. BREACH OF CONTRACT ALLEGATIONS

To plead a cause of action for breach of contract under Texas law, a plaintiff must allege (1) the existence of a valid contract between plaintiff and defendant; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach. *See Pharos Capital Grp., LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 954 (N.D. Tex. 2014) (citing *United States Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 215 (Tex. App. 2012)). Although Plaintiffs allude to the existence of various contracts in their Second Amended Complaint, their pleadings do not actually allege the existence of a valid contract with Defendant. There are also no allegations that Defendant breached any such contract with Plaintiffs.

In their response to Defendant's Motion to Dismiss, Plaintiffs do make an oblique reference to alleged breach of contract claims. Unfortunately, Plaintiffs' briefing on this issue is almost impossible to decipher. The Plaintiffs do not actually say they are asserting a breach of contract claim, but instead state that "Plaintiffs' Amended Petition as to the Breach of Contract Should be Read as Damages Suffered" and that "based on the pleading . . . there are contracts between the parties." The Court finds that Plaintiffs have failed to plead a cause of action for breach of contract.

## CONCLUSION

Defendant's *Motion to Dismiss Plaintiffs' Second Amended Petition* is GRANTED IN PART AND DENIED IN PART, specifically:

Defendant's Motion to Dismiss is DENIED as to Plaintiffs' negligence and gross negligence claims.

Defendant's Motion to Dismiss is GRANTED as to Plaintiffs' strict liability and breach of contract claims.  Those claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed this _____ day of February, 2015.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**